UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Sidney Coleman,<br><br>　　　　Plaintiff,<br>v.<br><br>Brachfeld Law Group, P.C.,<br><br>　　　　Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt from Plaintiff, and pursuant to 15 U.S.C. § 1681 et seq.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

## PARTIES

4. Plaintiff Sidney Coleman is a natural person who resides in the City of Brooklyn Park, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Brachfeld Law Group, P.C., (hereinafter "Defendant Brachfeld") is a collection agency operating from an address of 880 Apollo St., Suite 155, El Segundo, CA 90245, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On or before 2012, Plaintiff's son allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an alleged consumer debt for personal credit card with Citibank, that was later placed, assigned, or otherwise transferred for collection by Defendant Brachfeld, in the approximate amount of $778.18, which was for Plaintiff's personal, family and household purposes.

7. Plaintiff has standing under the FDCPA as a person affected by a violation of the Act.

8. This alleged debt is not Plaintiff's debt, but upon information and belief is due and owing by his son, who has the same name as the Plaintiff.

*Repeated Calls to the Workplace by Defendant After Being Told to Stop*

9. Starting sometime in or around October 2011, and thereafter for the one-year immediately preceding the filing of this complaint, Defendant Brachfeld began contacting Plaintiff at his workplace in an attempt to collect this alleged debt.

10. Plaintiff spoke with various collection agents employed by Defendant Brachfeld, including one "Katy Fox" from a telephone number of (866) 598-9391.

11. During these collection calls, Plaintiff repeatedly disputed owing this debt verbally to collection agents employed by Defendant Brachfeld.

12. During these collection calls, Plaintiff repeatedly told agents of Defendant Brachfeld to stop calling him at his workplace and never to call him again.

13. Despite telling Defendants that he did not owe this debt, that they had the wrong person, and that they were not to call him at his workplace anymore, Defendant Brachfeld and its agents continued to call Plaintiff at his workplace.

14. These collection calls disrupted Plaintiff work and negatively impacted him.

15. Defendant Brachfeld's collection calls stressed Plaintiff out and caused him tremendous frustration.

16. Defendant Brachfeld's collection agents repeatedly refused to identify themselves to Plaintiff when he asked who they were and why they were calling him.

17. At times, Defendant Brachfeld's collection agents were verbally abusive to Plaintiff when he told them they had the wrong person and to stop calling his workplace.

18. Defendant Brachfeld and its agents repeatedly communicated with Plaintiff in an attempt to collect this alleged debt but failed to state that they were a debt collector as required by 15 U.S.C. § 1692e(11).

19. These communications to Plaintiff in an attempt to collect an alleged debt by Defendant Brachfeld and its agents were harassing, oppressive, abusive, false and deceptive collection communications made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692f(1), amongst others.

*Summary*

20. All of the above-described collection communications made to Plaintiff by each individual Defendant and the other collection employees employed by Defendant Brachfeld, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

*Respondeat Superior Liability*

21. The acts and omissions of these individual employees and agents of Defendant Brachfeld, and the other debt collectors employed as agents by Defendant Brachfeld who communicated with Plaintiff as more further described herein,

were committed within the time and space limits of their agency relationship with their principal, Defendant Brachfeld.

22. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Brachfeld in collecting consumer debts.

23. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant Brachfeld.

24. Defendant Brachfeld is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of Defendant Brachfeld and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

28. As a result of Defendant Brachfeld's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Brachfeld herein.

## COUNT II.

### DECLARATORY RELIEF

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Plaintiff is entitled to a judicial declaration that Plaintiff owes nothing on this alleged debt to either Defendant Brachfeld or any other person who might claim it.

31. Plaintiff is also therefore entitled to enjoin Defendant Brachfeld from further attempts to collect this alleged debt from Plaintiff because it is not his debt.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant Brachfeld:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Brachfeld and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Brachfeld and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Brachfeld and for Plaintiff;

- for a judicial declaration that Plaintiff owes nothing on this alleged debt to either Defendant Brachfeld or any other person who might claim it;

- for an injunction to enjoin Defendant Brachfeld from further attempts to collect this alleged debt from Plaintiff because it is not his debt;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 11, 2012

**BARRY, SLADE, WHEATON & HELWIG, LLC**

By: **s/Peter F. Barry**
Peter F. Barry, Esq.

                                        Attorney I.D.#0266577  
                                        2701 University Ave SE, Suite 209  
                                        Minneapolis, Minnesota 55414-3236  
                                        Telephone:  (612) 379-8800  
                                        Facsimile: (612) 379-8810  
                                        pbarry@lawpoint.com

pfb/ra                                    **Attorney for Plaintiff**

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF HENNEPIN          )

Pursuant to 28 U.S.C. § 1746, Plaintiff Sidney Coleman, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___Oct___ , __11__ , __2012__
              Month     Day     Year

_____/s/ Sidney Coleman Jr._____
Signature